ORDER

In re LE PAPILLION, INC., Ives & Paul, Inc., Au Croissant, Inc.

Civ. A. No. 88-0062-LFO.

United States District Court, District of Columbia.

Oct. 7, 1988.

Saul M. Schwartzbach, Bethesda, Md., for Courbois.

W. Steven Paleos, Redmon Law Offices, Alexandria, Va., for defendants.

OBERDORFER, District Judge.

This is an appeal from orders of the Bankruptcy Judge awarding fees and reimbursement for expenses to the Trustee for his services as Trustee and for legal services in this case. Appellant raises procedural and substantive issues.

As to procedure, appellant complains that he was not afforded a hearing on his objections to the awards sought by the Trustee. However, the record indicates that on numerous occasions in 1986, the Bankruptcy Court entertained and acted on applications by the Trustee for interim fee awards. An Appendix filed by appellee records three filings by or on behalf of appellant in opposition to these applications.

In January 1987, the debtor corporations had resumed possession of the former bankrupt estates. In June 1987, the Trustee applied for a final award. On July 21, 1987, the debtor corporations, by their counsel, and Yves Courbois, as president and sole shareholder of the debtor corporations by his separate counsel, filed objections to the Trustee's application for final payment. Appendix at 28, 31. Neither objection stated any specific objection to the application. The Courbois' filing requested a hearing.

On August 18, 1987, the Bankruptcy Judge scheduled for September 8, 1987, a hearing on "Application for Approval of Payment of Counsel's Fees and Costs and Trustee's Fees and Objections filed thereto by" Courbois, the debtor corporations, and the Internal Revenue Service.

Neither Courbois nor his counsel appeared on September 8, 1987. The record indicates that Courbois' counsel, Mr. Schwatzbach, was on vacation. Appendix at 60-61. Nevertheless, those present led by Mr. Seeber, counsel for corporate debtor (now back in possession), came close to negotiating a settlement. The proceeding was adjourned until September 10, 1987, so that Courbois' counsel could be present. Appendix at 61-63. Courbois and his coun-

**2**

sel did, in fact, appear at the September 10 hearing. Appendix at 80. At that time counsel were completely free to conduct an evidentiary hearing. They requested none. Instead, a settlement was worked out, virtually in the presence of the Bankruptcy Court.

After encouragement from the Bankruptcy Judge, the parties present in court, including Courbois and his counsel, resumed the settlement negotiations which had nearly been concluded on September 8, including particularly compensation for the Trustee. After several recesses for telephone conferences between counsel present in court and clients who were elsewhere, Mr. Seeber announced a settlement, including particularly a settlement of appellee's claim for fees. Appendix at 83, 84. Following this announcement, Mr. Seeber stated on the record:

> And I would further state that Mr. Corboi [sic], individually, who was an objector is here in the courtroom with counsel and subscribes to that resolution.

Appendix at 85. To this, Courbois' counsel responded, also in open court,

> Your Honor, Mr. Seeber certainly has correctly set forth our agreement. We are, obviously, happy we could get the matter resolved.

Appendix at 86. Finally, the following colloquy occurred between the court and appellant's counsel:

> THE COURT: Very well. Now, Mr. Schwartzback [sic], could you address the Court?
>
> MR. SCHWARTZBACK [sic]: Certainly, Your Honor.
>
> THE COURT: You have heard what Mr. Seeber and Mr. Gordon and Mr. Redmon had to say. Do you wish to add anything?
>
> MR. SCHWARTZBACK [sic]: I wish to add nothing, Your Honor.
>
> THE COURT: So their statements accurately represent your understanding of the agreements that have been made?
>
> MR. SCHWARTZBACK [sic]: They do.
>
> THE COURT: Thank you.
>
> MR. SCHWARTZBACK [sic]: Thank you.

> THE COURT: Mr. Early, do you wish to be heard?
>
> MR. EARLY: No, Your Honor.
>
> THE COURT: Now, Mr. Corboi [sic], you have heard what has been said. Do you understand?
>
> MR. CORBOI [sic]: Yes, I do.
>
> THE COURT: This is your agreement as well as the agreement of the three corporations?
>
> MR. SCHWARTZBACK [sic]: Well, I don't know that it is his agreement, now, Your Honor. He objects. He objected to the trustee's fees which is assessable to the corporations.
>
> THE COURT: Well, is he withdrawing his objection? Is he, as part of this agreement, withdrawing his objection?
>
> MR. SCHWARTZBACK [sic]: I thought I made that clear when I addressed the Court and said that I, on behalf of Mr. Corboi [sic], restate what counsel has already told the Court.
>
> THE COURT: I see. Very well. That was the only sense that I meant when I was asking Mr. Corboi [sic], was this his agreement.
>
> MR. SCHWARTZBACK [sic]: I just don't want—
>
> THE COURT: Does he understand that this is the agreement that had been reached and is he going to abide by it?
>
> MR. SCHWARTZBACK [sic]: Well, I think that is the corporations abiding by it, Your Honor, within the plan itself. This is not Mr. Corboi's [sic] personal obligation.
>
> THE COURT: I understand that, Mr. Schwartzback [sic]. I don't want to get into all of this debate through an argument with you. But I simply want to clarify that Mr. Corboi [sic] understands that he is withdrawing his objection to Mr. Redmon's claim in so far as that is reflected in the agreement that has been stated in open court.
>
> MR. SCHWARTZBACK [sic]: And that is your understanding and agreement, is it not, Mr. Corboi [sic], as the Judge has presented it?
>
> MR. CORBOI [sic]: Yes, it is.

MR. SCHWARTZBACK [sic]: Yes, it is, Your Honor.

THE COURT: Wonderful. I am glad to know that we are all in agreement in so far as the agreement has been reached, as stated in open court, and I hope that the Internal Revenue Service and the three corporations and Mr. Corboi [sic] and Mr. Redmon and all are able to resolve the remaining differences related to the funds that may be payable to the Internal Revenue Service as well.

Thank you all.

Appendix at 89–91.

■ Despite the foregoing commitment, Courbois through his counsel subsequently refused to sign a proposed order that would have executed the open court agreement. Claiming discovery of tax deficiencies after agreement to the settlement, Courbois's counsel served an opposition to it. On November 30, 1988, after considering these objections, the Bankruptcy Judge entered an order that awarded to appellee fees that were less than those agreed upon at the settlement, but acceptable to appellee. Appendix at 101–02. It is apparent from the face of the foregoing record that Courbois had ample opportunity to present his objections to the Bankruptcy Judge and exercised those opportunities by filing objections to applications for interim and final payments, and by pleadings and letters to the Bankruptcy Judge. The absence of Courbois and his counsel from the September 8 hearing is best explained by the fact that the latter was on vacation at the time. Moreover, both were present at the September 10 hearing. For ought that appears Courbois and counsel could have presented evidence. They chose not to do so. Rather they joined ongoing settlement negotiations that were consummated by a settlement literally on the record in open court. Courbois and his counsel have had all of the hearing and opportunity for advocacy to which they are entitled.

As to the substantive claim: a settlement is a settlement. The law, necessarily including bankruptcy law, favors settlement. *See, i.e., American Sec. VanLines v. Gallagher,* 782 F.2d 1056, 1060–63 (D.C.

Cir.1986). There is no allegation or proffered evidence of fraud in the inducement of the settlement. Appellant's claim that events subsequent to the settlement justified reneging on it are completely without merit. In any event the post-settlement events were not demonstrably unforeseen at the time of settlement.

■ Appellee seeks an award to compensate him for attorneys' fees and costs incurred in his successful opposition of this appeal. While the appeal is without merit and appellant may well have abused the process of the Bankruptcy Court, appellee did not seek sanctions there. Nor should sanctions be imposed now merely because he exercised his right to appeal to this Court. It would be inappropriate to chill access to District Court review of the necessarily controversial rulings of the Bankruptcy Court.

Accordingly, the orders of the Bankruptcy Court awarding fees and costs to appellee are AFFIRMED. The application for sanctions is DENIED.

IT IS SO ORDERED.